1

2  Thomas P. Riley
   Law Offices of Thomas P. Riley, P.C.
3  First Library Square
   1114 Fremont Avenue
4  South Pasadena, CA 91030-3227
   Fax: 626-799-9795
5  TPRLAW@att.net
   Tel:  626-799-9797

6
   Attorneys for Plaintiff
7  G & G Closed Circuit Events, LLC

8                  UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF PENNSYLVANIA
9

10 | G & G Closed Circuit Events, LLC,        | Case No.:

11 |            Plaintiff,
                                              | COMPLAINT
12 |        vs.

13 | David L. Joseph and Tolulope O. Awolusi
14 | individually and d/b/a Spades Restaurant &
   | Lounge; and Crown Lancaster LLC, an unknown
15 | business entity d/b/a Spades Restaurant &
   | Lounge,
16
17 |            Defendants.

18

19 **PLAINTIFF ALLEGES:**

20                          **JURISDICTION**

21

22 1.      Jurisdiction is founded on the existence of a question arising under particular statutes. This

23 action is brought pursuant to several federal statutes, including the Communications Act of 1934, as

24 amended, Title 47 U.S.C. 605, *et seq.,* and The Cable & Television Consumer Protection and

25 Competition Act of 1992, as amended, Title 47 U.S.C. Section 553, *et seq.*

26 ///

27 ///

28

2.      This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3.      This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight *Program* hereinafter set forth at length.

**VENUE**

4.      Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Eastern District of Pennsylvania, because a substantial part of the events or omissions giving rise to the claim occurred in this District and/or because, *inter alia,* all Defendants reside within the State of Pennsylvania (28 U.S.C. § 1391(b)).

**INTRADISTRICT ASSIGNMENT**

5.      Assignment to the Philadelphia Division of the Eastern District of Pennsylvania is proper because a substantial part of the events or omissions giving rise to the claim occurred in Philadelphia County and/or, the United States District Court for the Eastern District of Pennsylvania has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

**THE PARTIES**

6.      Plaintiff, G & G Closed Circuit Events, LLC is, and at all relevant times mentioned was, a California company with its principal place of business located at 2925 Green Valley Parkway, Suite D, Las Vegas, NV 89014.

7.      Plaintiff is informed and believes that, at all times relevant hereto, including on Saturday, July 29, 2023, Crown Lancaster LLC was the licensee of the commercial establishment doing business as Spades Restaurant & Lounge operating at 4022 Lancaster Avenue, Philadelphia, PA 19104 specifically identified on the Pennsylvania Liquor Control Board License (PLCB #R8077).

8.      Plaintiff is informed and believes that, at all times relevant hereto, including on Saturday, July 29, 2023, Defendant David L. Joseph was a Manager, Officer, and Member on the Pennsylvania Liquor Control Board License (PLCB #R8077) issued to Crown Lancaster LLC for Spades Restaurant & Lounge.

9.      Plaintiff is informed and believes that, at all times relevant hereto, including on Saturday, July 29, 2023, Defendant Tolulope O. Awolusi was an Officer and Member on the Pennsylvania Liquor Control Board License (PLCB #R8077) issued to Crown Lancaster LLC for Spades Restaurant & Lounge.

10.     At all times relevant hereto, including on Saturday, July 29, 2023, Defendant David L. Joseph was specifically identified as owner on the City of Philadelphia 3121 Food Preparing and Serving License (#886389) issued for Spades Restaurant & Lounge.

11.     Plaintiff is informed and believes, and alleges thereon that on Saturday, July 29, 2023 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 21, Defendants David L. Joseph and Tolulope O. Awolusi had the right and ability to supervise the activities of Spades Restaurant & Lounge, which included the unlawful interception, receipt, and publication of Plaintiff's *Program.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

12.    Plaintiff is informed and believes, and alleges thereon that on Saturday, July 29, 2023, (the night of the *Program* at issue herein, as more specifically defined in Paragraph 21), Defendant David L. Joseph, as an individual specifically identified as Manager, Officer, and Member on the Pennsylvania Liquor Control Board License (PLCB #R8077) issued to Crown Lancaster LLC and owner on the City of Philadelphia 3121 Food Preparing and Serving License (#886389) issued for Spades Restaurant & Lounge, had the obligation to supervise the activities of Crown Lancaster LLC, which included the unlawful interception, receipt, and publication of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that Spades Restaurant & Lounge operated lawfully at all times.

13.    Plaintiff is informed and believes, and alleges thereon that on Saturday, July 29, 2023, (the night of the *Program* at issue herein, as more specifically defined in Paragraph 21), Defendant Tolulope O. Awolusi, as an individual specifically identified as Officer and Member on the Pennsylvania Liquor Control Board License (PLCB #R8077) issued to Crown Lancaster LLC, had the obligation to supervise the activities of Crown Lancaster LLC, which included the unlawful interception, receipt, and publication of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that Spades Restaurant & Lounge operated lawfully at all times.

14.    Plaintiff is informed and believes, and alleges thereon that on Saturday, July 29, 2023, (the night of the *Program* at issue herein, as more specifically defined in paragraph 21), Defendants David L. Joseph and Tolulope O. Awolusi specifically directed or permitted the employees of Spades Restaurant & Lounge to unlawfully intercept, receive, and publish Plaintiff's *Program* at Spades Restaurant & Lounge, or intentionally intercepted, received, and published the *Program* at Spades Restaurant & Lounge themselves. The actions of the employees of Spades Restaurant &

1

2

Lounge are directly imputable to Defendants David L. Joseph and Tolulope O. Awolusi by virtue of their acknowledged responsibility for the operation of Spades Restaurant & Lounge.

3

4

5

6

7

15.    Plaintiff is informed and believes and alleges thereon that the unlawful broadcast of Plaintiff's *Program*, as supervised and/or authorized by Defendants David L. Joseph and Tolulope O. Awolusi resulted in increased profits for Spades Restaurant & Lounge.

8

9

10

11

12

13

14

16.    Plaintiff is informed and believed, and alleges thereon that Defendant Crown Lancaster LLC, is an owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or an entity with dominion, control, oversight and management of the commercial establishment doing business as Spades Restaurant & Lounge operating at 4022 Lancaster Avenue, Philadelphia, PA 19104.

15

16

17

18

17.    On Saturday, July 29, 2023 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 21), Spades Restaurant & Lounge sold food and beverages to its patrons.

19

20

21

18.    Defendants advertised that the *Program* would be shown at Spades Restaurant & Lounge on the public Facebook page for Spades Restaurant & Lounge.

22

23

24

19.    On Saturday, July 29, 2023, (the night of the *Program* at issue herein, as more specifically defined in Paragraph 21), Spades Restaurant & Lounge required a $30.00 cover charge for entry.

25

///

26

///

27

28

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)

20.    Plaintiff G & G Closed Circuit Events, LLC , hereby incorporates by reference all of the allegations contained in paragraphs 1-19, inclusive, as though set forth herein at length.

21.    Pursuant to contract, Plaintiff G & G Closed Circuit Events, LLC , was granted the exclusive nationwide commercial distribution (closed-circuit) rights to the *Errol Spence, Jr. v. Terence Crawford Championship Fight Program,* telecast nationwide on Saturday, July 29, 2023 (this included all under-card bouts and fight commentary, encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*").

22.    Pursuant to contract, Plaintiff G & G Closed Circuit Events, LLC , entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Pennsylvania, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments.

23.    The *Program* could only be exhibited in a commercial establishment in Pennsylvania if said establishment was contractually authorized to do so by Plaintiff G & G Closed Circuit Events, LLC.

24.    As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff G & G Closed Circuit Events, LLC , expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

25.    The Program originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal to Plaintiff's lawful sub-licensees.

26.    On Saturday, July 29, 2023, in violation of Plaintiff  G & G Closed Circuit Events, LLC rights and federal law, Defendants intercepted, received and published the *Program* at Spades Restaurant & Lounge. Defendants also divulged and published said communication or assisted in divulging and publishing said communication to patrons within Spades Restaurant & Lounge.

27.    With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every one of the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants (as outlined above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at their commercial establishment in Philadelphia, Pennsylvania located at 4022 Lancaster Avenue, Philadelphia, PA 19104.

28.    Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

29.    Title 47 U.S.C. § 605(a), prohibits the unauthorized interception, receipt, publication and use of communications, such as the transmission of the *Program* for which Plaintiff G & G Closed Circuit Events, LLC  had the distribution rights thereto.

30.     By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*, either directly or, in the case of Defendants David L. Joseph and Tolulope O. Awolusi, contributorily or vicariously.

31.     By reason of the Defendants' violation of Title 47 U.S.C. Section 605*, et seq.*, Plaintiff G & G Closed Circuit Events, LLC, has a private right of action pursuant to Title 47 U.S.C. Section 605.

32.     As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff G & G Closed Circuit Events, LLC, is entitled to the following from each Defendant:

      (a)     Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 605(e)(3)(C)(i)(II);

      (b)     Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii); and

      (c)     The recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

## COUNT II

### (Violation of Title 47 U.S.C. Section 553)

33.     Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-32, inclusive, as though set forth herein at length.

34.     47 U.S.C. § 553 prohibits the interception or receipt of communications offered over a cable system absent specific authorization.

35.     The unauthorized interception and receipt of the Program by the above-named Defendants was prohibited by Title 47 U.S.C. § 553, *et seq.*

36.     By reason of the aforesaid mentioned conduct, the aforementioned Defendants violated Title 47 U.S.C. Section 553, *et seq.* either directly or, in the case of Defendants David L. Joseph and Tolulope O. Awolusi, contributorily or vicariously.

37.     By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.,* Plaintiff G & G Closed Circuit Events, LLC , has the private right of action pursuant to Title 47 U.S.C. Section 553.

38.     As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff G & G Closed Circuit Events, LLC , is entitled to the following from each Defendant:

        (a)     Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii);

        (b)     Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B);

        (c)     The recovery of full costs pursuant to Title 47 U.S.C. § 553 (c)(2)(C); and

        (d)     In the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. § 553(c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1.     For statutory damages in the amount of $110,000.00 against the Defendants, and each of them;

2.     For reasonable attorneys' fees as mandated by statute;

3.   For all costs of suit, including, but not limited to, filing fees, service of

    process fees, investigative costs; and

4.   For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1.   For statutory damages in the amount of $60,000.00 against the

    Defendants, and each of them;

2.   For reasonable attorneys' fees as may be awarded in the Court's

    discretion pursuant to statute;

3.   For all costs of suit, including, but not limited to, filing fees, service

    of process fees, investigative costs; and

4.   For such other and further relief as this Honorable Court may deem just

    and proper.

                              Respectfully submitted,

Date: July 26, 2024          */s/Thomas P. Riley*
                             **LAW OFFICES OF THOMAS P. RILEY, P.C.**
                             By:  Thomas P. Riley
                             G & G Closed Circuit Events, LLC